# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DENA LOUISE SNYDER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cr-00021-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Defendant Dena Louise Snyder's ("Defendant's") Motion for Release on Personal Recognizance Bond Pending Appeal (hereinafter, "Motion"), (ECF No. 72).  The Government filed a Response, (ECF No. 75), to which Defendant filed a Reply, (ECF No. 76).

Following a revocation hearing, this Court found that Defendant had violated the terms and conditions of her supervised release.  Accordingly, the Court revoked Defendant's supervised release and sentenced Defendant to serve six months in prison. (*See* Min. of Proceedings, ECF No. 63; Judg. at 2, ECF No. 66).  Defendant timely filed her Notice of Appeal. (Not. Appeal, ECF No. 67).  Defendant now seeks to remain on bond pending appeal. (Mot. Release on Bond 4:11–13).

"[R]elease pending appeal from an order revoking probation is proper only upon a showing of exceptional circumstances." *United States v. Bell*, 820 F.2d 980, 981 (9th Cir. 1987).  "Examples of exceptional circumstances include: (1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal." *Id.*

///

The Court finds that Defendant has not presented "exceptional circumstances" warranting her release pending appeal. The appellate court will "review a district court's factual finding at the sentencing phase for clear error." *United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir. 1996). Defendant's Motion contends that the Government failed to meet its burden of showing that Defendant violated the terms and conditions of her supervised release. However, Defendant only challenges the Court's factual finding following a multi-day revocation hearing. In other words, Defendant rehashes the same arguments she presented at the revocation hearing, and fails to present the Court with evidence or points of authority that would merit a finding that the Court clearly erred in concluding that the Government met its burden in showing that Defendant violated the terms and conditions of her supervised release.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Release on Personal Recognizance Bond Pending Appeal is **DENIED**.

**DATED** this __16__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT